**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANI PHARMACEUTICALS, INC.,

               Plaintiff,

      v.

LIFSA DRUGS LLC and RAJESH
M. KUMAR,

               Defendants.

Civil Action No. 1:25-cv-09227-JMF-SN

**STIPULATION AND ORDER**

---

IT IS STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff

ANI Pharmaceuticals, Inc. and Defendants Lifsa Drugs LLC and Rajesh M. Kumar, as follows.

1.      Any party to this litigation and any non-party providing information in this action

("non-party") shall have the right to designate as "Confidential" and subject to this Stipulation and

Order any information, document or thing, or portion of any document or thing that contains: (a)

trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential

business information; (b) private or confidential personal information; (c) information received in

confidence from third parties; or (d) any other Confidential information that the producing party

otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal

Rules of Civil Procedure.  Any party to this litigation or non-party covered by this Stipulation and

Order, who produces or discloses any Confidential material, including without limitation, any

information, document, thing, interrogatory answer, admission, pleading, or testimony, shall,

where reasonably practicable, mark the same with the foregoing or similar legend:

"CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY

STIPULATION AND ORDER" ("Confidential").  Where marking every page of such materials

is not reasonably practicable, such as with certain native file documents, the producing party may designate material as "Confidential" by informing the receiving party in writing in a clear and conspicuous manner at the time of production of such material that such material is "Confidential."

2.      Any party to this litigation and any non-party shall have the right to designate as "Highly Confidential" and subject to this Stipulation and Order any information, document or thing, or portion of any document or thing that contains: (a) sensitive technical information including current research and development, manufacturing information, and patent prosecution information; (b) sensitive business information including highly sensitive financial or marketing information, including pricing information, marketing data or efforts, sales information and the identity of suppliers, distributors, and customers (both potential and actual); (c) competitive technical information including technical analyses or comparisons of competitor's products; (d) competitive business information including nonpublic financial or marketing analyses or comparisons of competitor's products and strategic product planning; (e) any other Highly Confidential information the producing party reasonably and in good faith believes would likely cause harm if disclosed to anyone outside of those listed in Paragraph 5(a)-(f). Any party to this litigation or non-party covered by this Stipulation and Order, who produces or discloses any Highly Confidential material, including without limitation, any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall, where reasonably practicable, mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY STIPULATION AND ORDER" ("Highly Confidential").  Where marking every page of such materials is not reasonably practicable, such as with certain native file documents, the producing party may designate material as "Highly Confidential" by informing the receiving party in writing in a clear and conspicuous manner at the

time of production of such material that such material is "Highly Confidential."

3.      Confidential or Highly Confidential information may include, or be included in, documents, tangible things, transcripts, answers to interrogatories and other responses to discovery requests, pleadings, memoranda of law, other court papers, summaries, notes, abstracts, motions, drawings and any instrument which comprises, embodies or summarizes matters which any Party or non-party has designated as Confidential or Highly Confidential.  Confidential and Highly Confidential information may also include information revealed during depositions.  Any copies or reproductions, excerpts, summaries, or other documents or media that contain Confidential or Highly Confidential information or material as defined above shall also be treated as Confidential or Highly Confidential information pursuant to this Stipulation and Order.

4.      All Confidential or Highly Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal, or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in paragraph 5 below, unless and until the restrictions set forth in this Stipulation and Order are removed either by written agreement of counsel for the parties, or by Order of the Court.  It is, however, understood that counsel for a party may give advice and opinions to their client solely relating to the above-captioned action based on their evaluation of Confidential or Highly Confidential material, provided that such advice and opinions shall not reveal the content of such Confidential or Highly Confidential material except by prior written agreement of counsel for the parties, or by Order of the Court.

5.      Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

3

a.  Outside counsel (defined as any attorney at the parties' outside law firms, which firms have appeared in the action) and relevant in-house counsel for the parties, and paralegals and staff assisting counsel in this litigation;

b.  Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached as Exhibit A or such other form as may be agreed by the parties;

c.  Secretarial, paralegal, clerical, duplicating, and data processing personnel of the foregoing;

d.  The Court and court personnel;

e.  Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described in the information, document or thing, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f.  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic and clerical employees whose duties and responsibilities require access to such materials; and

g.  The parties to this litigation. In the case of parties that are corporations or other entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit or are persons necessary for the

4

prosecution or defense of this lawsuit.

6.        Highly Confidential material and the contents of Highly Confidential material may be disclosed only to the individuals listed in Section 5(a)-(f).

7.        Confidential and Highly Confidential material shall be used only by individuals permitted access to it under paragraph 5 above.  Confidential and Highly Confidential material, copies of Confidential and Highly Confidential material, and the information contained in Confidential and Highly Confidential material, shall not be disclosed in any manner to any other individual, unless and until (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality or (b) the Court orders such disclosure.

8.        With respect to any depositions that involve a disclosure of Confidential or Highly Confidential material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential or Highly Confidential material during the deposition, or within five days thereafter, and may have until 30 days after receipt of the deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties.  No such deposition transcript shall be disclosed to any individual other than the individuals described in paragraph 4(a), (b), (c), (d) and (f) above, and the deponent during these 30 days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in paragraph 4(a), (b), (c), (d) and (f) above during said 30 days.  Upon being informed that certain portions of a deposition are to be designated as Confidential or Highly Confidential, all parties shall immediately cause each copy of the transcript in its or their custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 5-7 above.  The restrictions of this paragraph apply to video-recorded depositions.

Videocassettes, CDs, DVDs, or any other video container shall be labeled in accordance with the provisions of this paragraph.

9.   If counsel for a party receiving documents or information designated as Confidential or Highly Confidential objects to such designation of any or all of such items, the following procedure shall apply:

a.  Counsel for the objecting party shall serve on the designating party or non-party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.  Counsel for the designating party or non-party shall respond in writing to such objection within 14 days and shall state with particularity the grounds for asserting that the document or information is Confidential or Highly Confidential.  If no timely written response is made to the objection, the challenged designation will be deemed to be void.  If the designating party or non-party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b.  If a dispute as to a Confidential or Highly Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court initially by letter motion, in accordance with Local Civil Rule 37.2 and Rule 3(D) of the Court's Individual Rules and Practices in Civil Cases, before filing a formal motion for an order regarding the challenged designation.  The document or information that is the subject of the filing shall be treated as

originally designated pending resolution of the dispute.

10.     ~~Any document designated "Confidential" or "Attorneys' Eyes Only" by a party or non-party and which is to be filed with the Court shall be filed under seal.~~

11.     If the need arises during trial or at any hearing before the Court for any party to disclose Confidential or Highly Confidential material, it may do so only after giving notice to the producing party and as directed by the Court.

12.     If a party learns that material that party received in discovery pursuant to this Stipulation and Order has been the subject of a data breach, that party must promptly notify the producing party of the breach and cooperate with that party to address the breach.

13.     The inadvertent or unintentional disclosure of Confidential or Highly Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's or non-party's claim that it is Confidential or Highly Confidential material, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter.  Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential or Highly Confidential within a reasonable time from discovery of the error.  Such notice shall constitute a designation of the information, document or thing as Confidential or Highly Confidential under this Stipulation and Order.

14.     Failure by either party or any non-party to challenge designation by another party or non-party of any information as "Confidential" or "Attorneys' Eyes Only" shall not be construed as an admission or agreement that any specific information is or is not proprietary or a

trade secret, or is or is not subject to discovery, or is or is not admissible in evidence.

15.     The production of any information, document or thing in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Stipulation and Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  When the producing party advises the receiving party that the producing party believes that information, document or thing protected by attorney-client privilege or work-product protection was inadvertently produced, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).  That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law.  However, nothing in this Stipulation and Order restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection after receiving notice of the production or disclosure of any information, document or thing that is subject to a claim of attorney-client privilege or work-product protection.

16.     If a non-party serves a party in this action with a request, subpoena or order (a "demand") for disclosure of Confidential or Highly Confidential material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the opposing party's counsel, shall notify the party who served the request that some or all of the materials sought by the request are subject to this Stipulation and Order, and shall use its or their best efforts to afford the designating party an opportunity to be heard by the court or administrative agency.  The party receiving the demand shall not disclose any Confidential or Highly Confidential material before the later of (a) date specified for disclosure or (b) if there is a dispute then pending

8

before a tribunal of competent jurisdiction, before resolution of any such dispute, unless otherwise required by law.  In its or their sole discretion and at its or their own cost, the designating party may oppose or seek to limit the demand in any legal manner.  The party who received the demand shall not oppose or otherwise interfere with the designating party's actions before any disclosure of "Confidential" or "Highly Confidential" information takes place.

17.    No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a nonconfidential basis, shall be deemed or considered to be Confidential or Highly Confidential material under this Stipulation and Order.

18.    This Stipulation and Order shall not deprive any party of its or their right to object to discovery by the adverse party or on any otherwise permitted ground.  This Stipulation and Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

19.    In the event those subject to this Stipulation and Order violate or threaten to violate any term of this Stipulation and Order, the aggrieved party may immediately apply to the Court to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Stipulation and Order and, in the event the aggrieved party shall do so, no person subject to the provisions of this Stipulation and Order shall assert as a defense that the aggrieved party possesses an adequate remedy at law.

20.    The parties and any other person subject to the terms of this Stipulation and Order, including permitted recipients of Confidential or Highly Confidential material, agree that the United States District Court for the Southern District of New York has jurisdiction over all persons

9

producing or receiving documents pursuant to this Stipulation and Order for the purpose of enforcing this Stipulation and Order.

21.     This Stipulation and Order shall survive the termination of this action and shall remain in full force and effect unless modified by a further order of this Court or by the written stipulation of the parties filed with the Court.

22.     Upon final conclusion of this litigation, each party or other individual subject to the terms of this Stipulation and Order shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential or Highly Confidential material or to destroy all copies of such material that contain or constitute attorney work product, as well as excerpts, summaries and digests revealing Confidential material; provided, however, that counsel may retain complete copies of all transcripts and court filings, including any attached exhibits, for archival purposes, subject to the provisions of this Stipulation and Order.  To the extent a party requests the return of Confidential or Highly Confidential material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals and all related proceedings, the party shall file a motion seeking such relief.

SO ORDERED:

_____
Hon Jesse E. Furman
United States District Judge

April 6, 2026

Stipulated and Agreed to on April 3, 2026:

| | |
|---|---|
| ***s/ Roger B. Kaplan*** | ***s/ Gerald W. Griffin*** |
| Roger B. Kaplan | Gerald W. Griffin |
| Jaclyn DeMais | Leonardo Trivigno |
| Todd L. Schleifstein | Allison Guerra |
| Christa P. McLeod | CARTER LEDYARD & MILBURN LLP |
| GREENBERG TRAURIG, LLP | Liberty Street, 41st Floor |
| 500 Campus Drive, Suite 400 | New York, New York 10005 |

Florham Park, New Jersey 07932            (212) 732-3200
(973) 360-7900                            Attorneys for Defendants
Attorneys for Plaintiff                   Lifsa Drugs LLC and Rajesh M. Kumar
ANI Pharmaceuticals, Inc.

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

The Clerk of Court is directed to terminate ECF No. 52.

11

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANI PHARMACEUTICALS, INC., | |
| Plaintiff, | Civil Action No. 1:25-cv-09227-JMF-SN |
| v. | |
| LIFSA DRUGS LLC and RAJESH M. KUMAR, | **AGREEMENT TO BE BOUND BY DISCOVERY CONFIDENTIALITY ORDER** |
| Defendants. | |

I, _____, being duly sworn, state that:

1.      My address is _____.

2.      My present employer is _____ and the address of my present employment is _____.

3.      My present occupation or job description is _____.

4.      I have carefully read and understood the provisions of the Discovery Confidentiality Order in this case signed by the Court (the "DCO"), and I will comply with all provisions of the DCO.

5.      I will hold in confidence and not disclose to anyone not qualified under the DCO any Confidential material or any words, summaries, abstracts, or indices of Confidential material disclosed to me.

6.      I will limit use of Confidential material disclosed to me solely for purpose of this action.

7.    No later than the final conclusion of the case, I will return all Confidential material and summaries, abstracts, and indices of Confidential Information which come into my possession, and documents or things which I have prepared relating to such Confidential Information, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____    _____ [Name]

13