Sills Cummis & Gross
A Professional Corporation

The Legal Center
One Riverfront Plaza
Newark, New Jersey 07102
Tel: (973) 643-7000
Fax (973) 643-6500

101 Park Avenue, 28th Floor
New York, NY 10178
Tel: (212) 643-7000
Fax: (212) 643-6500

222 Lakeview Avenue, Suite 800
West Palm Beach, FL 33401
Tel: (561) 693-0440
Fax: (561) 828-0142

**Nicole G. McDonough**
**Member**
**Admitted In NJ, NY**
**Direct Dial: 973-643-5967**
**Email: nmcdonough@sillscummis.com**

August 14, 2026

**VIA ECF**

Hon. Jesse M. Furman, U.S.D.J.
United States District Court - SDNY
500 Pearl Street
New York, New York 10007-1312

**Re: *ANI Pharmaceuticals, Inc. v. Lifsa Drugs LLC*, No. 1:25-cv-09227 (JMF) (SN)**

Dear Judge Furman:

This firm is counsel to Plaintiff ANI Pharmaceuticals, Inc. ("ANI") in the above-referenced matter. Pursuant to Your Honor's Individual Rules and Practices, ANI submits this opposition to Defendant Lifsa Drugs LLC's ("Lifsa") August 11, 2026, letter-motion. (ECF 75).

**Relevant Factual Background**

This breach of contract action presents a narrow issue. Pursuant to a certain Private Label Supply and Distribution Agreement, dated March 12, 2022, and a letter amendment thereto, dated March 31, 2022 (collectively, the "Agreement"), Lifsa was required, among other things, to purchase certain quantities of products "on a take-or-pay basis." (ECF 43 ¶ 15). Lifsa failed to fulfill its bi-annual "take" commitments and to "pay" the related ANI invoices validly issued to it. Thus, ANI seeks contractual damages for those unpaid invoices or, alternatively, lost profits.

Notably, Lifsa has not asserted any counterclaims. Instead, it maintains broad affirmative defenses, arguing it is relieved from performance based on ANI's alleged "failure to comply with" and "breaches of" the Agreement. (ECF 66, p. 7). However, none of the documents Defendant produced—a scant 98 documents (430 pages)—support any such failures or breaches. Nor do they identify which, if any, specific provision(s) of the Agreement ANI allegedly breached. To the contrary, Defendant's production confirms that Lifsa never raised any complaints regarding ANI's performance.

Despite Lifsa's suggestion otherwise, ANI has been a good-faith, transparent participant in

Sills Cummis & Gross
A Professional Corporation



discovery, producing a total of 853 documents comprising 3,241 pages to date. ANI made its initial productions in April and May 2026, in response to Defendant's March 9, 2026, First Set of Requests for Production of Documents. That initial production included 564 documents (2,097 pages). By letter to ANI's prior counsel on May 6, 2026, Lifsa raised several alleged deficiencies in ANI's production. Shortly after the undersigned substituted as counsel (*see* ECF 64), ANI responded to the deficiency letter by making a supplemental production of 289 documents (1,144 pages) on July 30, 2026, including those related to the products' regulatory status.

ANI's interrogatory responses have been equally comprehensive, especially as it relates to damages. In response to Interrogatory No. 5 of Defendant's First Set of Interrogatories, ANI outlined its calculation of contract-based damages pursuant to the Agreement's "take-or-pay" provision in line-item fashion. (ECF 75-4 pp. 8-9). Separately, Interrogatory No. 8 asked ANI to "[i]dentify and qualify all damages [it] claim[s] to have suffered as a result of the Defendants' alleged acts or non-acts under the Agreement, including with respect to any alleged lost profits." (ECF 75-2 p. 5). Not only did ANI respond by quantifying its lost profits damages, but it also provided documentation supporting its calculation. (ECF 75-4 pp.10-11; *see* Exhibit A).[1] ANI submits that those calculations and supporting documents, which Defendant's letter-motion fails to acknowledge, satisfy its discovery obligations with respect to the categories of damages it seeks.

Notwithstanding its already broad disclosure, ANI remains committed to the discovery process and has advised Lifsa's counsel it will make a third production of documents. As explained during the parties' meet and confer, ANI's search protocol yielded several million pages of documents, the overwhelming majority of which are not reasonably calculated to lead to the discovery of admissible evidence. ANI offered to exchange further information with Lifsa regarding the steps it took – and continues to take – to identify responsive documents proportional to the needs of this case if Lifsa would also agree to share the same and provide explanation for its assertion that Lifsa "manually reviewed [its] files" for documents. Lifsa refused, it will not provide any substantive information about its search efforts, and it now comes to this Court with unclean hands. To be sure, ANI cannot, without substantial undue burden, produce every document that references the products, which is what Lifsa effectively demands. This Court should not compel such an unduly burdensome production that is not proportional to the needs of this case.

## Legal Argument

By way of its letter-motion, Lifsa seeks to have ANI prove Lifsa's affirmative defenses by compelling ANI to substantiate its compliance on a nearly provision-by-provision basis in hopes that, somewhere within ANI's files, some evidence of nonperformance will be unearthed that Lifsa itself cannot independently identify or support. The law in this District is "very clear" on this point: a party "cannot use discovery to find out whether [it has] a claim" or, here, a defense. *Gene Codes*

[1] Filed contemporaneously herewith is Exhibit A, which is a sample of confidential documents ANI produced to support its damages calculation (ANI0001, ANI0004-0008), including a financial spreadsheet, entitled "Summary of ANI Gross Profit on Take or Pay," and invoices showing ANI's purchase of materials for the production and sale of the products at issue in this litigation.

*Forensics, Inc. v. City of New York*, 812 F. Supp. 2d 295, 308 (S.D.N.Y. 2011).

At bottom, Lifsa's defense is based on pure speculation—namely, ***if*** ANI breached a quality- or regulatory-based provision (which it cannot support or even identify), then Lifsa ***may*** be relieved of its own breach. In that regard, Lifsa's "fishing expedition" is like that at issue in *Sabby Volatility Warrant Master Fund Ltd. v. Safety Shot, Inc.*, 2025 WL 833871, at *4 (S.D.N.Y. Mar. 17, 2025). In that contract action, although the answer asserted unclean hands among the affirmative defenses, this Court refused to compel discovery into plaintiff's finances because defendant's "unspecified 'good reason to believe'" justification lacked objective support for any wrongdoing. *Id.* Here, as in *Safety Shot*, Defendant seeks to use its affirmative defenses as an "impermissible hook for wide-ranging discovery . . . in the hope of avoiding liability." *Id.* at *3.

The sweeping, overbroad nature of Document Request No. 15 demonstrates this point. It seeks "[a]ll documents and communications reflecting [ANI's] performance or non-performance under the Agreement." (ECF 75-1 pp. 6-7). This Court routinely rejects such "clearly overbroad and disproportionate" requests out of hand. *See, e.g.*, *Delancey v. Wells*, 2025 WL 1009415, at *6 (S.D.N.Y. Apr. 4, 2025). Separately, many (if not all) of the "regulatory" documents that Lifsa seeks are publicly available on the U.S. Food and Drug Administration's ("FDA") website. *See, e.g.*, FDA, https://www.accessdata.fda.gov/drugsatfda_docs/appletter/2021/214102Orig1s000ltr.pdf (last visited Aug. 14, 2026) (Valsartan ANDA approval). As this Court has recognized, "[i]t is well established that discovery need not be required" of those "public record[s]" as they are "equally accessible to all parties." *S.E.C. v. Samuel H. Sloan & Co.*, 369 F. Supp. 994, 996 (S.D.N.Y. 1973). Indeed, the very existence of those FDA approval documents demonstrates that ANI substantially performed its regulatory obligations.

Even if ANI breached one of the ancillary provisions Defendant cites, which it did not, Lifsa would not be "relieve[d]" of its obligations under the Agreement. (ECF 75 p. 3). As even the case cited by Defendant explains, a party's performance is excused ***only*** when "the other party has . . . committed a ***material*** breach." *Optima Media Grp. Ltd. v. Bloomberg L.P.*, 2021 WL 1941878, at *8 (S.D.N.Y. May 14, 2021) (emphasis added) (citation omitted). Under New York law, a breach is material if it denies the injured party the benefit of the bargain. *See id.* Here, Defendant's benefit was ANI's provision of products for distribution and marketing. (*See* ECF 43-1 p. 1). Defendant has never disclaimed that it received safe, quality, FDA-approved products in the single order it placed with ANI. Nor can it, as demonstrated by the absence of support in discovery to date. The lack of materiality speaks, also, to the lack of proportionality of Defendant's wholesale requests.

Finally, Defendant's motion is premature. On August 6, 2026, Your Honor extended fact discovery until September 10, 2026 (ECF 73), to allow the parties to resolve the very types of disputes Defendant brought before this Court just five days later. As represented to Lifsa's counsel several times since that extension, ANI intends to make a third document production, which may render moot many of the disputes Lifsa now raises (to the extent ANI's prior disclosures have not mooted them already). But ANI should not—and reasonably cannot—be compelled to produce the entire universe of documents that Defendant improperly seeks.

For these reasons, we respectfully request the Court deny Defendant's letter-motion.

Respectfully submitted,

*/s/ Nicole G. McDonough*

Nicole G. McDonough

cc: All Counsel of Record (*via ECF*)

Upon review of the parties' letters, Lifsa's letter-motion is denied, substantially for the reasons set forth in ANI's response above. First, given ANI's representations about a forthcoming production, the letter-motion is premature. Second, and in any event, the Court agrees that Lifsa is not entitled to the universe of documents that it seeks. Specifically, Document Request No. 15 is overbroad and disproportionate - and constitutes an improper fishing expedition for some basis to avoid liability. And it appears that ANI has responded to Document Request 4 and Interrogatory 4 - given, among other things, ANI's representation that it does not seek to recover its costs as part of its contract damages calculation.

ANI's motions to seal, see ECF Nos. 77 and 81, are granted.

The Clerk of Court is directed to terminate ECF Nos. 74, 75, 76, 77, and 81.

SO ORDERED.

August 19, 2026